| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>CLIFFORD A. KATZ<br>PLATZER, SWERGOLD, LEVINE,<br>GOLDBERG, KATZ & JASLOW, LLP<br>Counsel for Progressive Credit Union<br>4 Greentree Centre, 601 Route 73 North, Suite 305<br>Marlton, New Jersey 08053<br>(856) 782-8644<br><br>475 Park Avenue South, 18th Floor<br>New York, New York 10016<br>(212) 593-3000 |
| In Re:<br><br>FRANCHOT PERSAUD,<br><br>Debtor. |

Chapter 13

Case No. 18-31382(JKS)

**OBJECTION BY PROGRESSIVE CREDIT UNION TO
THE DEBTOR'S PROPOSED CHAPTER 13 PLAN**

**TO:    HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE;**

Progressive Credit Union ("Progressive"), secured creditor to Franchot Persaud, the above-captioned Chapter 13 debtor (the "Debtor"), by its undersigned counsel, hereby submits the following objection (the "Objection") to the Debtor's Proposed Chapter 13 Plan dated October 28, 2018 [Docket #2] (the "Plan"), and respectfully represents as follows:

**BACKGROUND**

1. On October 28, 2018 (the "Filing Date"), the Debtor filed a petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") along with his Schedules of Assets and Liabilities and Statement of Financial Affairs (collectively, the "Schedules").

2. The Debtor filed the Plan contemporaneously with the filing of his voluntary

1

petition and Schedules. The Court has scheduled a hearing on the confirmation of the Debtor's Plan for January 10, 2019.

3. Prior to the Filing Date, in an around June 2009, the Debtor executed a Note (the "Note") in favor of Progressive whereby Progressive agreed to make a loan (the "Loan") and extend credit accommodations to the Debtor in a principal amount of $250,000.00.

4. As partial collateral security for, and as further inducement to Progressive to grant the Loan to the Debtor, the guarantor, Elwith Taxi Inc. ("Guarantor"), freely executed and delivered to the Bank a Guarantee dated June 10, 2009 (the "Guarantee") and a Security Agreement (Chattel Mortgage) dated June 10, 2009 whereby Guarantor pledged its Newark Taxi Medallion #412 (the "Medallion"), amongst other assets, as collateral for the repayment of the Loan to Progressive.

5. On or about June 12, 2009, Progressive perfected its security interest in the Medallion by filing a UCC-1 Financing Statement with the State of New Jersey, Dept of the Treasury, Division of Revenue & Enterprise Service, UCC Section, Filing Number 25256147. Thereafter, on or about April 14, 20014, the Bank filed a UCC-3 Continuation Statement the State of New Jersey, Dept of the Treasury, Division of Revenue & Enterprise Service, UCC Section, continuing the UCC-1 Statement.

6. The Debtor in his last bankruptcy filing, Case No. 18-23118(JKS) filed an amended Schedule "D" which identified Progressive as having a secured claim in the sum of $220,000. Progressive has filed a secured claim in the Debtor's bankruptcy case [Claim # 4] in the amount of $208,063.11.

7. The Debtor does identify Progressive as a secured creditor in his current

Schedules filed in the instant Chapter 13 bankruptcy case.

8.  However, the Debtor does <u>not</u> identify Progressive in his Plan or how Progressive's secured claim will be treated.

### THE OBJECTION

9.  Progressive files this Objection as the Plan, in its current form, is unconfirmable, as the Debtor has failed to identify how he will treat Progressive's secured claim.

10. The Plan fails to satisfy the provisions of Bankruptcy Code § 1325(a)(5)(B) as Progressive does not consent to the treatment of its secured claim under the Plan and the Plan does not provide for Progressive' retention of its lien and payment to Progressive in a sum at least equal to the amount of Progressive's secured claim. Therefore, it is respectfully submitted that the Plan is not confirmable.

### CONCLUSION

11. In conclusion, Progressive respectfully requests that the Court sustain its foregoing objections to the Plan.

**WHEREFORE**, it is respectfully requested that the Court sustain Progressive's objection to the Plan as set forth above, together with such other and further relief the Court finds just, proper and equitable.

Dated:  New York, New York
January 4, 2019

PLATZER, SWERGOLD, LEVINE,
GOLDBERG, KATZ & JASLOW, LLP
*Attorneys for Creditor, Progressive Credit Union*

By: /s/ Clifford A. Katz
Clifford A. Katz, Esq.
Member of the Firm
475 Park Avenue South, 18th Floor
New York, New York 10016
(212) 593-3000

3